# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ME2 PRODUCTIONS, INC., | Case No. 2:17-cv-00123-JCM-NJK |
| Plaintiff(s), | **ORDER** |
| vs. | (Docket No. 12) |
| JOHN AND JANE DOES, | |
| Defendant(s). | |

Pending before the Court is the motion to quash filed by *pro se* litigant Jacqueline R. Pieritz. Docket No. 12.[1] As both the motion itself and the later Court order addressing it make clear, Ms. Pieritz argues that the subpoena to Charter Communications should be quashed because her I.P. address is different than the I.P. address identified. Docket No. 12 at 1 ("I.P. address that says associated w/ the BitTorrent is slightly different from ours"); Docket No. 15 ("The Court construes the letter as a motion to quash the subpoena Plaintiff served on Charter Communications based on the fact that her I.P. address differs from the I.P. address listed"). Although Plaintiff filed a response to the motion, it fails to address the single argument raised. Docket No. 16. Instead, it mistakenly asserts that "[t]he movant's only argument for objecting to the subpoena is that she does not want the subpoenaed party to produce her identifying information." *Id.* at 2. The Court construes Plaintiff's failure to respond to Ms. Pieritz's actual argument

---

[1] The Court is required to construe filings of *pro se* litigants liberally. *E.g., Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

that her I.P. address differs from the I.P. address identified as acquiescence that the I.P. addresses do not match and, further, that quashing the subpoena is therefore proper as to Ms. Pieritz. *See Newdow v. Congress of the United States of America*, 435 F. Supp. 2d 1066, 1070 n.5 (E.D. Cal. 2006); Local Rule 7-2(d).[2]

Accordingly, Ms. Pieritz's motion to quash the subpoena to Charter Communications is hereby **GRANTED** and the subpoena is **QUASHED** to the extent it relates to Ms. Pieritz. Plaintiff shall immediately serve a copy of this order on Charter Communications, and shall file a proof of service on the docket by noon on May 8, 2017.

IT IS SO ORDERED

Dated: May 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Plaintiff's response appears to be identical or nearly identical to the boilerplate brief that was found non-responsive by the Court previously, resulting in the granting of a motion to quash. *See ME2 Prods. v. Does*, 2017 U.S. Dist. Lexis 58241, at *2 (D. Nev. Apr. 17, 2017) (granting motion to quash in which Plaintiff failed to respond to sole argument advanced); *see also* Case No. 2:16-cv-2783-JCM-NJK, Docket No. 8 (responsive brief filed in that case). As was made clear therein, the Court is not Plaintiff's attorney and it will not make arguments for Plaintiff and its counsel. *See id.* at *2 n.1. "If the stakes [in quashing the subpoena] are truly as high as Plaintiff contends, it is unclear why it did not respond in any fashion to Movant's argument." *Id.*